UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREL DIAZ GUZMAN,

Petitioner,

v. Case No.: 2:26-cv-02550-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER,

Respondent.

/

**OPINION AND ORDER**

Before the Court are Karel Diaz Guzman's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Diaz Guzman is a 21-year-old native and citizen of Cuba who lawfully entered the United States on November 10, 2024, through the CBP One program. U.S. Customs and Border Protection (CBP) admitted him through April 24, 2026, and commenced removal proceedings by issuing a notice to appear. Diaz Guzman timely filed applications for adjustment of status and for employment authorization, and both remain pending before U.S. Citizenship and Immigration Services. A Florida Fish and Wildlife Conservation Commission officer arrested Diaz Guzman because of his immigration status and handed him over to Immigration and Customs Enforcement (ICE) on either August 28 or September 1, 2026—the parties

disagree on the date of the arrest. Diaz Guzman has no known criminal history.

Diaz Guzman claims his detention violates the Fifth Amendment's Due Process Clause because the government refuses to afford him an individualized bond hearing. In response, the government confirms it will not conduct a bond hearing because it considers Diaz Guzman an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). The government's position is factually nonsensical and legally frivolous. It argues Diaz Guzman was paroled in the United States on November 10, 2024, and that his parole was revoked upon issuance of a notice to appear, also on November 10, 2024. In other words, the government contends that on November 10, 2024, CBP paroled Diaz Guzman into the United States, revoked that parole, then released him into the country. It makes no sense.

As the government acknowledges, its position is also contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Diaz Guzman's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Diaz Guzman's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of

erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Diaz Guzman is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien." As a result of the classification, the government asserts immigration judges lack jurisdiction to redetermine Diaz Guzman's custody status. (*See* Doc. 3 at 5 n.1). But without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Diaz Guzman's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Diaz Guzman's detention serves neither purpose. He has done everything right. He lawfully entered the country with the government's express authorization and timely applied to adjust his status to lawful permanent resident. With his application for adjustment of status pending, he has a plausible pathway to lawful residence and thus ample incentive to continue participating in his

immigration case. The record is devoid of any evidence suggesting Diaz Guzman is a flight risk. Nor is there evidence he is a danger to the community. There is no evidence Diaz Guzman has any criminal history whatsoever.

For these reasons, the Court finds that the government violated Diaz Guzman's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Karel Diaz Guzman's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Diaz Guzman and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record